## SUPERIOR COURT
## OF THE
## STATE OF DELAWARE

PAUL R. WALLACE
JUDGE

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801
(302) 255-0660

Submitted: May 15, 2025
Decided: June 2, 2025

Mr. Janard Brown
S.B.I. No. 425741
James T. Vaughn Correctional Center
1181 Paddock Road
Smyrna, Delaware 19977

RE:   *State v. Janard Brown*
      ID Nos. 1309018287, 1209007265, and 1208005401
      *Motion for Correction of Sentence*

Dear Mr. Brown:

The Court is in receipt of your most recent request for sentencing relief. (D.I. 33/89/62). For the reasons now explained, you have failed to demonstrate any illegality in your sentence.

In September 2013, you were indicted for first-degree perjury, witness tampering, bribing a witness, second-degree criminal solicitation, and second-degree conspiracy.[1] These charges arose from testimony you solicited in your August 2013 trial that resulted in your conviction for drug dealing and driving after judgment prohibited.[2]

On October 11, 2013, you were sentenced for those drug-dealing and driving after judgment prohibited convictions.[3] That sentence includes: (a) for drug dealing—

---

[1]   D.I. 1 - ID No. 1309018287 (Indictment).

[2]   D.I. 43 - ID No. 1209007265.

[3]   At that proceeding, you were also sentenced for three misdemeanor counts of non-compliance

15 years at Level V (with credit for 37 days previously served), suspended after 8 years for 6 months at Level IV and 2 years at Level III probation; and (b) for driving after judgment prohibited—1 year at Level V.[4]

You eventually pleaded guilty to the perjury, witness tampering, bribery, and criminal solicitation counts.[5] The State agreed to cap its unsuspended Level V recommendation to four years and enter a *nolle prosequi* on the remaining counts in the indictment. And on May 16, 2014, you were was sentenced as follows: (a) for first-degree perjury—8 years of Level V, suspended after 4 years 6 months at Level IV and 1 year at Level III probation; (b) for witness tampering—5 years of Level V, suspended after 1 year for 1 year of Level II probation; (c) for bribery—5 years of Level V, suspended in whole for Level II probation; and (d) for second-degree criminal solicitation—3 years of Level V, also suspended in whole for Level II probation.[6]

At the time of your sentencings, the Court was statutorily prohibited from ordering any of your prison terms to run concurrently—either with each other or with the other sentences imposed in other cases.[7]

You insist your sentence is "illegal" and need of correction under this Court's Rule 35(a). That rule permits this Court to correct an illegal sentence "at any time."[8]

---

with bond conditions arising from a separate indictment and guilty plea in Case ID No. 1208005401 (D.I. 57 – Sentence Order). Your latest application makes no mention of those sentences, so they are not addressed here and further.

[4] D.I. 49 - ID No. 1209007265 (Sentence Order).

[5] D.I. 16 - ID No. 1309018287 (Plea Agreement and Truth in Sentencing Form).

[6] D.I. 17 - ID No. 1309018287 (Sentence Order).

[7] DEL. CODE ANN. tit. 11, § 3901(d) (2013) ("No sentence of confinement of any criminal defendant . . . shall be made to run concurrently with any other sentence of confinement imposed on such criminal defendant.").

[8] Super. Ct. Crim. R. 35(a) ("*Correction of sentence.* -- The court may correct an illegal sentence at any time . . .").

Relief under Rule 35(a) is available when, *inter alia*, the sentence imposed: exceeds the statutorily-authorized limits; omits a term required to be imposed by statute; is uncertain as to its substance; or, is a sentence that the judgment of conviction did not authorize.[9]

You have joined many other sentenced inmates in filing the same hand-written fill-in-the-blank forms complaining that your sentence is illegal and you are due resentencing under the United States Supreme Court decision in *Erlinger v. United States*.[10] But as is the case with so many of those others, *Erlinger* is of no utility to you because not one of your several sentences was—via some statutory recidivist mechanism—enhanced in any way on either the minimum or maximum ends.[11] Indeed, each individual term of imprisonment comprising your sentence is well within the ordinary base minimum and maximum incarcerative terms the then-extant relevant statutes prescribed.[12]

---

[9] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

[10] *See State v. Morrison*, 2025 WL 1431931, at *2 (Del. Super. Ct. May 19, 2025) (citing *State v. Archy*, 2025 WL 1330215, at *2 (Del. Super. Ct. May 7, 2025) which made noted of the "blizzard of *pro se* pleadings from inmates seeking relief" through resort to *Erlinger v. United States* 602 U.S. 821 (2024)).

[11] *See id.* ("[W]hile in his most recent prayer for sentencing relief, [movant] has joined chorus with so many other sentenced inmates incanting the United States Supreme Court decision in *Erlinger v. United States*, *Erlinger* can lend no voice here because his PFDCF sentence wasn't enhanced in any way on either the minimum or maximum end.).

[12] *See* DEL. CODE ANN. tit. 16, § 4753 and tit. 11, and § 4205(b)(3)(2013) (then-extant drug dealing in cocaine was a class C felony for which one could receive up to 15 years at Level V); DEL. CODE ANN. tit. 21, § 2810 (2013) (driving after judgment prohibited carried a sentence of not less than 90 days and up to 30 months at Level V); DEL. CODE ANN. tit. 11, §§ 1223 and 4205(b)(4) (first-degree perjury was a class D felony for which one could receive up to 8 years at Level V); *id.* at §§ 1261, 1263, and 4205(b)(5) (witness tampering and bribery were each class E felonies for which one could receive up to 5 years at Level V); carrying a "minimum sentence of 3 years" and a ceiling of "up to 25 years to be served at Level V"); and *id.* at §§ 1261, 1263, and 4205(b)(5) (second-degree criminal solicitation was a class F felonies carrying up to 3 years at Level V).

So, there is no demonstrable illegality in the substance of your sentences and you are due no relief under this Court's Criminal Rule 35(a). Your motion thereunder is **DENIED**. And because you are manifestly ineligible for Rule 35(a) relief, the Court will **DENY** your request for appointment counsel (D.I. 34/90/63) to engage some futile effort to pursue it.[13]

**IT IS SO ORDERED.**

/s/ *Paul R. Wallace*

Paul R. Wallace, Judge

cc: James K. McCloskey, Deputy Attorney General
    Prothonotary-Criminal
    Investigative Services Office

---

[13] *See Morrison*, 2025 WL 1431931, at *2; *State v. Johnson*, 2025 WL 1431003, at *2 (Del. Super. Ct. May 19, 2025).